Plaintiff, now deceased, a civilian employee of the Army and Air Force Exchange Service (AAFES), filed an action in the Court of Claims seeking back pay and appropriate allowances claiming that he was wrongfully discharged. He asserted jurisdiction under the Tucker Act, 28 U.S.C. § 1491, as amended, 84 Stat. 449 (1970), which provides for suits in the Court of Claims upon any express or implied contract *754 with such military exchanges. The United States moved to dismiss for lack of jurisdiction. The Court of Claims concluded that it had jurisdiction because the employee’s relationship with AAFES was based upon an implied contract of employment and such a contract is covered since 1970 by the Tucker Act. On the Government’s petition for certiorari, the Supreme Court in an opinion dated June 24,1976, 427 U.S. 123, held that the Court of Claims erred in its threshold determination that AAFES employees could never serve by appointment, the Court vacated that portion of the judgment of the Court of Claims deciding that plaintiff held his employment position by virtue of an express or implied contract, rather than by appointment, and remanded the cause for further proceedings on that question.